**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4367**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE DEVONTE LEE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:19-cr-00106-RGD-RJK-1)

Submitted: June 30, 2021                                    Decided: August 6, 2021

Before FLOYD, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elizabeth M. Wood-Hanna, ELIZABETH M. WOOD, P.C., Virginia Beach, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, Alexandria, Virginia, John F. Butler, Assistant United States Attorney, Elizabeth M. Yusi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Devonte Lee appeals his convictions and the 360-month sentence imposed after a jury found him guilty of assault with intent to commit murder, in violation of 18 U.S.C. §§ 7(3), 113(a)(1), and possession and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Lee asserts that the district court erroneously denied his request for a mistrial, which was based on an excused juror's comments to a prospective juror regarding Lee's decision to represent himself during the underlying criminal proceedings. Lee also assigns error to the district court's decision to refuse Lee the opportunity to poll remaining jurors regarding the excused juror's comments informing the remaining jurors why he was excused. Finding no error, we affirm.

We review the denial of a motion for a mistrial for an abuse of discretion. *United States v. Zelaya*, 908 F.3d 920, 929 (4th Cir. 2018). "Because a mistrial is so drastic a step, we will disturb the district court's refusal to grant one only in extraordinary circumstances, such as when evidence is admitted that would prejudice the defendant, and there is an overwhelming probability that the jury would be unable to heed a curative instruction to ignore it." *United States v. Taylor*, 942 F.3d 205, 221-22 (4th Cir. 2019) (internal quotation marks omitted).

We have reviewed the record and considered the parties' arguments and find that the district court was well within its discretion to deny Lee's motion for a mistrial and instead select a less drastic alternative by replacing the excused juror with an alternate juror after assuring itself that the remaining jurors could "remain fair and impartial." *See United States v. Smith*, 919 F.3d 825, 834 (4th Cir. 2019) (recognizing that "the trial judge is in

2

the best position" to determine whether jurors can "remain fair and impartial," and that "the inquiry is committed to his discretion").  We also find no error in the district court's decision to collectively question the remaining jurors regarding the excused juror's exiting comments to ensure they could render a verdict based solely on the evidence presented at trial.  *See id.* (holding that the district court has "ample leeway to formulate the questions to be asked" and that the court must "balanc[e] the need to detect bias against the concern that inartful questioning could itself generate bias"); *see also United States v. Gutierrez*, 963 F.3d 320, 334 (4th Cir. 2020) ("The trial judge is in the best position to make judgments about the impartiality and credibility of potential jurors based on the judge's own evaluations of demeanor evidence and of responses to questions." (internal quotation marks omitted)), *cert. denied*, __ U.S. __, 141 S. Ct. 1112 (2021).

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*